## A. W. G. DAVIS AND CHARLES A. STUART v. WILLIAM S. TURNER.

Where a title bond for land purported to be made in consideration of " one dollar," and of the further consideration of "kindness to me as a stranger;" *held* doubtful whether the instrument expressed on its face a valuable consideration.

In a suit for the specific performance of such a bond, the petition averred that a " full and ample consideration" was " paid" therefor, but without specifying the consideration, and there was no exception taken to the insufficiency of the averment, and no statement of facts is sent up in the record : *Held*, that it would be going too far for this court to say that there was not evidence admitted under the averment that a valuable consideration did in fact pass, sufficient to support the agreement.

Possession under such an instrument for nearly ten years, and the making of valuable improvements involving an expenditure greatly exceeding the value of the use, should, it would seem, go far to support the right of the party claiming under it, although its original consideration was of doubtful adequacy.

In the absence of a statement of·facts, every thing must be taken to have been proved which could legally have been proved under the allegations of the pleadings.

ERROR from Guadalupe. Tried below before the Hon. A. W. Terrell.

This suit was commenced by Turner, defendant in error, on the 11th of October, 1855, against the plaintiffs in error. The petition set up and exhibited a title bond from Davis to Turner, dated December 25th, 1845, for fifty acres of land in Guadalupe county, and that Turner went into possession. under the bond

immediately and retained possession up to the institution of the suit; that the defendant Stuart pretended title to said land, and prayed for a specific performance as against Davis, and for a decree against Stuart quieting plaintiff in his title. The title bond recited a consideration of "one dollar to me in hand paid, the receipt of which I do hereby acknowledge, and for the further consideration of Wm. S. Turner's kindness to me as a stranger;" and the petition alleged that the plaintiff "paid said Davis an ample and full consideration for said land before the date of said title bond." Verdict and judgment below for the plaintiff. No statement of facts.

*J. J. Thornton*, for plaintiffs in error. The questions raised by the record are: 1st. Whether the bond on its face does not show that it was given by Davis voluntarily and without consideration? 2d. Whether a suit for specific performance can be maintained on an executory contract or agreement which has been voluntarily given, and has no consideration to support it?

It has always been held that gross inadequacy of price amounts only to a colorable consideration. A deed or agreement which on its face expresses to be made in consideration of one dollar, has always been held to be *prima facie* a deed of gift, or a voluntary agreement.

But it may be insisted that the expression, "and for the further consideration of William Turner's kindness to me as a stranger," is the recognition of a moral obligation, and that a moral obligation is a sufficient consideration to support a promise. But is it every kind of a moral obligation that will support a promise? Some of the elementary works lay down the rule broadly that a moral obligation is sufficient to support a promise; but on an examination of the authorities, the universality of this rule cannot be supported, and it will be found that there must have been some pre-existing obligation—a *quid pro quo*, and which the party promising ought, according to the principles of natural right and justice, to pay, but which has become inoperative by positive law. (3 Pickering R., 207; 13 Johnson's R., 257; 3 Bos. & Pull., 249, note; Story Eq. Juris., sec. 793, 794, 987.)

*John Ireland,* for defendant in error, cited James. v. Fulcrod, 5 Tex. R., 512; 2 How. Sup. C. R., 449.

WHEELER, C. J.  It may be doubtful whether the instrument of the 25th of December, 1845, under which the plaintiff claims, expresses on its face a valuable consideration.  The money consideration of one dollar was probably only nominal, and inserted under the supposition that it was necessary to name a money consideration in order to give validity to the instrument.  It does not appear in what the "kindness" mentioned as a consideration consisted.  It may have consisted of services which were of a pecuniary value.  It is averred in the petition that it was an "ample and full consideration" "paid" by the plaintiff.  The allegation might have been more specific, if its sufficiency had been questioned by exception.  But it was not, and, in the absence of a statement of facts, it would be going too far to say there was not evidence admitted under the averment that a valuable consideration did in fact pass, sufficient to support the agreement.  It is averred, moreover, that the defendant went into possession under the instrument, and has ever since continued in the actual possession.  What the proof was under this allegation, we are not informed.  But if the possession consisted in an actual residence on the land for the period of nearly ten years, which elapsed from the date of the instrument to the bringing of the suit and the making of permanent improvements involving an expenditure greatly exceeding the value of the use, it would seem that it should go far to support the right of the plaintiff, though the consideration which passed at the time of making the instrument were of doubtful adequacy.  In the absence of a statement of facts, every thing must be taken to have been proved which could legally have been proven under the allegations; and we are not prepared to say the plaintiff might not have made out a case in evidence sufficient to entitle him to the judgment rendered in his favor.  It is, therefore, affirmed.

Judgment affirmed.